# EXHIBIT D

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| WASHTENAW COUNTY EMPLOYEES' RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>DOLLAR GENERAL CORPORATION, TODD J. VASOS, JEFFERY C. OWEN, JOHN W. GARRATT, and KELLY M. DILTS,<br><br>Defendants. | Civil Action No. 3:23-cv-01250<br><br>CLASS ACTION<br><br>Judge Aleta A. Trauger |

**JOINT DECLARATION OF TITUS NOLTENIUS, ANDREAS HOLZAPFEL, DR. CARSTEN FISCHER, AND JOCHEN RIECHWALD IN SUPPORT OF THE MOTION OF UNIVERSAL AND QUONIAM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF COUNSEL**

We, Titus Noltenius, Andreas Holzapfel, Dr. Carsten Fischer, and Jochen Riechwald, pursuant to 28 U.S.C. § 1746, declare as follows:

1. We respectfully submit this Joint Declaration in support of the motion of Universal-Investment-Gesellschaft mbH ("Universal") and Quoniam Asset Management GmbH ("Quoniam") for appointment as Lead Plaintiff in the securities class action against Dollar General Corporation ("Dollar General" or the "Company") and certain of its current and former senior executives (collectively, "Defendants"), and approval of Universal's and Quoniam's selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel and Sanford Heisler Sharp, LLP as Liaison Counsel for the class. We are informed of and understand the requirements and duties imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA") on the Lead Plaintiff, including the selection and retention of counsel, and overseeing the prosecution of the action. We each have personal knowledge about the information in this Joint Declaration relating to the institution with which we are respectively associated.

2. We, Titus Noltenius and Andreas Holzapfel, are Head of Legal Fund Governance and a Director of Universal, respectively, and are authorized to make this declaration on behalf of Universal. Universal is an asset management company based in Frankfurt am Main, Germany that manages more than 417 billion euros for investors. Universal is a sophisticated institutional investor that understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA. Universal's familiarity with the PSLRA's requirements is informed by, among other things, its role serving as a lead plaintiff and class representative in other securities class actions, including in cases in which it worked together with other institutional investors and supervised the work of Lead Counsel in those cases. Universal served as lead plaintiff, together with four other institutional investors, in *In re Conn's, Inc. Securities Litigation*,

No. 14-cv-548 (S.D. Tex.), and recovered $22.5 million for investors. In addition, Universal currently serves as lead plaintiff, together with four other institutional investors, in *In re Seagate Technology Holdings plc Securities Litigation*, No. 23-cv-3431 (N.D. Cal.), with Bernstein Litowitz as co-lead counsel.

3.     As set forth in the motion for appointment as Lead Plaintiff and the supporting papers filed with the Court, during the Class Period, funds managed by Universal purchased Dollar General common stock and suffered substantial losses on those investments. Universal is organized as a Kapitalverwaltungsgesellschaft ("KVG") under German law and the funds listed in its certification are UCITS and Alternative Investment funds established under German Law. While the investment funds managed by Universal are considered separate estates, they are not independent legal entities and do not have legal capacity to sue in, or be brought before, courts of law. Instead, Universal has the exclusive authority to sue in its own name for damages suffered by the funds that it manages.

4.     We, Dr. Carsten Fischer and Jochen Riechwald, are General Counsel and Assistant General Counsel, respectively, of Union Asset Management Holding AG ("Union"), the parent company to Quoniam, and we are authorized to make this declaration on behalf of Quoniam. Quoniam is an asset management company based in Frankfurt am Main, Germany that manages more than 20 billion euros for investors. Quoniam is owned and controlled by Union, which holds 100% of the voting rights in Quoniam. As General Counsel and Assistant General Counsel of Union, we are charged with overseeing Quoniam's in-house legal operations, as we do with all Union subsidiaries.

5.     Quoniam is a sophisticated institutional investor that understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.

2

Quoniam's familiarity with the PSLRA's requirements is informed by, among other things, its current role serving as lead plaintiff, alongside another institutional investor, in *Pembroke Pines Firefighters & Police Officers Pension Fund v. Abbott Laboratories*, No. 22-cv-4661 (N.D. Ill.), with Bernstein Litowitz as co-lead counsel. We, Dr. Carsten Fischer and Jochen Riechwald, are also familiar with the PSLRA's requirements by virtue of our oversight of many securities class actions in which Union, Quoniam's parent company, served as a lead plaintiff. For example, Union served as lead plaintiff, together with Swedish pension fund Sjunde AP-Fonden, in *In re Kraft Heinz Securities Litigation*, No. 19-cv-1339 (N.D. Ill.), with Bernstein Litowitz as co-lead counsel, and recovered $450 million for investors. Union also served as lead plaintiff, alongside Swedish pension fund Sjunde AP-Fonden, in *In re Allergan Generic Drug Pricing Securities Litigation*, No. 16-cv-9449 (D.N.J.), with Bernstein Litowitz serving as co-lead counsel, and obtained a $130 million recovery for investors. Union also served as lead plaintiff, with Bernstein Litowitz as lead counsel, in both *Hefler v. Wells Fargo & Company*, No. 16-cv-5479 (N.D. Cal.), in which $480 million was recovered for investors, and *In re Equifax Inc. Securities Litigation*, No. 17-cv-3463 (N.D. Ga.), in which $149 million was recovered for investors. As General Counsel and Assistant General Counsel of Union, we personally oversee all outside counsel retained by Quoniam to represent it in securities litigation. In that regard, we are actively involved in all discussions regarding case prosecution, trial strategy, and other important strategic matters, and would bring our substantial experience overseeing complex litigation to bear on behalf of Quoniam and the class.

6. As set forth in the motion for appointment as Lead Plaintiff and the supporting papers filed with the Court, during the Class Period, Quoniam's funds purchased Dollar General common stock and suffered substantial losses on those investments. Quoniam serves as the

3

investment manager for Quoniam Funds Selection SICAV ("QFS SICAV"). QFS SICAV has legal title to the Dollar General shares it purchased during the Class Period, and the capacity to sue in, and be brought before, courts of law. QFS SICAV is divided into separate portfolios, but those portfolios are not separate legal entities and, as noted, QFS SICAV holds title to the shares invested in each portfolio. Prior to seeking appointment as Lead Plaintiff, Quoniam obtained a valid assignment of claims from QFS SICAV.

7. Quoniam also obtained a timely, valid assignment of claims from Union Investment Institutional GmbH ("UIN"), which is another Union subsidiary. The investment funds managed by UIN are UCITS established under the laws of Germany. While the investment funds are considered separate estates, they are not independent legal entities and do not have legal capacity to sue in, or be brought before, courts of law. Instead, UIN has the exclusive authority to sue in its own name for damages suffered by the funds that it manages. Regarding the specific UIN fund that invested in Dollar General common stock during the Class Period (UIN-Fonds Nr. 618), Quoniam served as the investment advisor for that UIN fund, and made the decisions to transact in Dollar General common stock on its behalf.

8. Universal is part of Universal Investment Group, while Quoniam is a subsidiary of Union. Both based in Frankfurt am Main, Germany, Universal Investment Group and Union are among Europe's largest financial services companies. As pillars of the institutional investor community in Germany, Universal Investment Group, including Universal, and Union, including Quoniam, have maintained a long-term business relationship, through which Universal Investment Group and Quoniam provide each other with, among other things, certain fund administration and portfolio management services. Indeed, this business relationship intersected with respect to Universal's and Quoniam's Dollar General investments: Quoniam served as the external

4

investment advisor for several of the Universal funds that incurred losses on Dollar General, and made the investment decisions when those funds traded Dollar General common stock.[1] Universal and Quoniam (through Union) also have dedicated staffs of professionals, including in-house legal personnel and/or executives with experience supervising complex litigation under the PSLRA, who will ensure the effective oversight of this litigation and counsel. As noted, Universal and Quoniam also have prior experience serving as fiduciaries and in selecting, hiring, and overseeing the activities of outside counsel in complex litigation, including proposed Lead Counsel, Bernstein Litowitz.

9. Universal and Quoniam are strongly motivated to recover the substantial losses their respective funds incurred as a result of Defendants' alleged violations of the United States securities laws. Moreover, Universal and Quoniam are committed to maximizing the recovery of losses caused by the alleged misconduct at the heart of this case, which raises significant concerns regarding the integrity of the public markets. For these reasons, among others, Universal and Quoniam believe that it is important for this case to be led by committed institutional investors with significant resources, experience leading class action lawsuits under the PSLRA and supervising the work of outside counsel, and a financial interest substantial enough to ensure that the claims are litigated vigorously, efficiently, and in the best interests of the class.

10. Given their long-standing relationship, Universal and Quoniam are aware of each other's experience overseeing securities class action litigation in the United States and their shared commitment to sustainable investing. After learning of the claims against Dollar General, representatives of Universal and Quoniam began discussions with each other regarding the claims

---

[1] While the Universal funds utilize the services of a range of both internal and external investment advisors and portfolio managers, for the reasons explained herein Universal at all times retains standing to assert claims on behalf of those funds.

and their options to recover their significant losses.  As part of these discussions, which occurred via email and during calls on January 19 and January 24, 2024, both Universal and Quoniam also expressed an interest in potentially seeking appointment as Lead Plaintiff jointly with each other. Universal and Quoniam each determined that they could maximize the class's recovery by pooling their respective resources and experience by jointly seeking appointment as Lead Plaintiff.  After analyzing the merits of the claims against Defendants, the respective losses incurred arising from Defendants' alleged misconduct, and consulting with each other, Universal and Quoniam informed their counsel, Bernstein Litowitz, of their decision to seek appointment as Lead Plaintiff.

11. Universal and Quoniam each independently determined to jointly seek appointment as Lead Plaintiff.  Universal and Quoniam agree that their partnership is well-suited for this litigation and will further the interests of the class.  Universal and Quoniam understand that the PSLRA and courts throughout the United States, including the Sixth Circuit, not only permit groups of investors to serve as lead plaintiff, but that joint institutional leadership can provide significant benefits to the class.  Universal and Quoniam believe that their partnership can benefit the leadership of securities class actions by allowing institutions to work collaboratively to oversee the prosecution of an action, share perspectives, experiences, and resources, and provide input on case strategy.  Universal and Quoniam intend to prosecute this action in such a manner.

12. In addition to discussions between Universal and Quoniam about the claims against Dollar General outside the presence of their proposed Lead Counsel, Bernstein Litowitz, prior to seeking appointment as Lead Plaintiff, representatives of Universal and Quoniam and Bernstein Litowitz also convened a conference call to discuss Universal's and Quoniam's leadership of this litigation and commitment to jointly prosecute this important action.  This call included discussion of, among other things: the facts and merits of the claims against Dollar General; the investigation

6

undertaken by Bernstein Litowitz; the losses arising from Defendants' misconduct; the strategy for the prosecution of this litigation; the shared desire to achieve the best possible results for the class; Universal's and Quoniam's experience working as a lead plaintiff under the PSLRA; Universal's and Quoniam's shared interest in serving jointly as Lead Plaintiff in this case and their commitment to take an active role in supervising the prosecution of the action; and the benefits that class would receive from their joint leadership of the case. Universal and Quoniam believe that by working together they will ensure that the class's claims are efficiently and zealously prosecuted through their oversight of proposed Lead Counsel, Bernstein Litowitz.

13. Universal and Quoniam intend to continue communicating with proposed Lead Counsel, and with each other separately from proposed Lead Counsel, as often as necessary to discuss major litigation developments and to ensure the vigorous and efficient prosecution of the action. Universal and Quoniam have instructed Bernstein Litowitz to provide regular updates on its investigation and the progress of the litigation. Given the long-standing relationship between Universal and Quoniam, as well as the common goals and incentives of Universal and Quoniam to maximize the class's recovery in this case, neither Universal nor Quoniam envision having any dispute relating to their oversight of this action. Indeed, throughout their long-term relationship, Universal and Quoniam never experienced a material dispute on any matter. However, in the unlikely event that any such disputes arise, we plan to engage in thorough discussion with each other and our counsel to come to a resolution.

14. Universal and Quoniam also understand that it is the Lead Plaintiff's obligation under the PSLRA to select qualified Lead Counsel and to supervise Lead Counsel's prosecution of the case to ensure that the action is prosecuted without unreasonable cost. Universal and Quoniam decided to jointly seek appointment as Lead Plaintiff, in part, because of their shared

7

desire to ensure that this action is prosecuted in an efficient and economical manner. As Lead Plaintiff, Universal and Quoniam will ensure that Lead Counsel shall only act pursuant to their mandate. With respect to our selected counsel, Bernstein Litowitz, we believe that the class will benefit from having a law firm that is highly experienced in prosecuting complex securities class actions successfully as lead counsel. Universal's and Quoniam's working relationships with Bernstein Litowitz, ensures that this action will be prosecuted in the best interests of the class.

15. Universal and Quoniam are familiar with the experience, resources, and qualifications of Bernstein Litowitz, and are aware that it is an accomplished law firm with a history of achieving significant settlements, verdicts, and corporate governance reforms from defendants in securities class actions like this case, as well as other shareholder lawsuits. As a result of the prior experience of Universal and Quoniam's legal department overseeing Bernstein Litowitz, we fully believe that Bernstein Litowitz will prosecute this litigation in a zealous and efficient manner as Lead Counsel under our leadership.

16. Our decision to jointly pursue appointment as Lead Plaintiff was further informed by our analysis of the claims against Defendants and the evidence developed by our proposed Lead Counsel. Indeed, Bernstein Litowitz has already demonstrated its commitment to the class through its extensive investigation of the claims against Defendants. Universal and Quoniam have instructed Bernstein Litowitz to continue investigating investors' claims while the Lead Plaintiff appointment process is pending and to provide updates of material developments as they arise. Universal and Quoniam are confident that the experience and success of Bernstein Litowitz in prosecuting securities class actions, combined with Universal's and Quoniam's supervision, will ensure that the class receives the best possible representation in this case.

17. Universal and Quoniam reaffirm their commitment to satisfying the fiduciary obligations that they will assume if appointed Lead Plaintiff, including conferring with counsel regarding litigation strategy and other matters, attending depositions, settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents. Through these and other measures, Universal and Quoniam will ensure that the securities class action against Defendants will be vigorously prosecuted consistent with the Lead Plaintiff's obligations under the PSLRA and in the best interests of the class.

**[REMAINDER INTENTIONALLY BLANK]**

DocuSign Envelope ID: A4C72E97-20E2-484A-BB8B-9DFD4AECDECA

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to Universal are true to the best of my knowledge.

Executed this 26<u>th</u> day of January, 2024.

Titus Noltenius

*On behalf of Universal*

DocuSign Envelope ID: A4C72E97-20E2-484A-BB8B-9DFD4AECDECA

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to Universal are true to the best of my knowledge.

Executed this 26<u>th</u> day of January, 2024.

Andreas Holzapfel

*On behalf of Universal*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to Quoniam are true to the best of my knowledge.

Executed this _26_ day of January, 2024.

Dr. Carsten Fischer

*On behalf of Quoniam*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to Quoniam and are true to the best of my knowledge.

Executed this ___26th___ day of January, 2024.


_____
Jochen Riechwald

*On behalf of Quoniam*