UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| WASHTENAW COUNTY EMPLOYEES' RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated, | Civil Action No. 3:23-cv-01250 |
| | CLASS ACTION |
| Plaintiff, | Judge Aleta A. Trauger |
| vs. | |
| DOLLAR GENERAL CORPORATION, TODD J. VASOS, JEFFERY C. OWEN, JOHN W. GARRATT, and KELLY M. DILTS, | |
| Defendants. | |

**UNIVERSAL'S AND QUONIAM'S MEMORANDUM OF LAW
IN OPPOSITION TO THE COMPETING MOTIONS
FOR APPOINTMENT AS LEAD PLAINTIFF**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ....................................................................................................................... 4

     I.    Universal And Quoniam Are The Most Adequate Plaintiff ................................... 4

          A.    Universal And Quoniam Have The Largest Financial Interest.................. 5

          B.    Universal And Quoniam Satisfy The Requirements Of Rule 23 ................ 7

     II.    Universal's And Quoniam's Selection Of Counsel Should Be Approved .......... 11

     III.    The Competing Motions Should Be Denied ........................................................ 12

CONCLUSION................................................................................................................... 12

Case 3:23-cv-01250    Document 49    Filed 02/09/24    Page 2 of 19 PageID #: 549

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Blitz v. AgFeed Indus., Inc.*,
2012 WL 1192814 (M.D. Tenn. Apr. 10, 2012).................................................................1

*Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*,
2017 WL 5759361 (N.D. Ohio Nov. 28, 2017).................................................................9

*Bricklayers' & Allied Craftworkers Loc. #2 Albany, NY Pension Fund v. New Oriental Educ. & Tech. Grp. Inc.*,
2022 WL 1515451 (S.D.N.Y. May 13, 2022) .................................................................10

*In re Cardinal Health, Inc. Sec. Litig.*,
226 F.R.D. 298 (S.D. Ohio 2005).....................................................................................7

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ..........................................................................................12

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001).............................................................................................11

*City of Pontiac Gen. Emps' Ret. Sys. v. Stryker Corp.*,
2011 WL 13228127 (W.D. Mich. Jan. 3, 2011) ..............................................................2

*Doherty v. Pivotal Software, Inc.*,
2019 WL 5864581 (N.D. Cal. Nov. 8, 2019) ...................................................................6

*Eshe Fund v. Fifth Third Bancorp*,
2008 WL 11322108 (S.D. Ohio Dec. 16, 2008) ..............................................................3

*Farrah v. Provectus Biopharmaceuticals, Inc.*,
68 F. Supp. 3d 800 (E.D. Tenn. 2014).....................................................................4, 7, 11

*Franchi v. SmileDirectClub, Inc.*,
2020 WL 6479561 (M.D. Tenn. Jan. 27, 2020)........................................................5, 6, 12

*Lim v. Hightower*,
2023 WL 7979869 (N.D. Ohio Nov. 16, 2023).................................................................5

*In re Mersho*,
6 F.4th 891 (9th Cir. 2021) ..............................................................................................5

*Norfolk Cnty. Ret. Sys. v. Cmty. Health Sys., Inc.*,
2011 WL 6202585 (M.D. Tenn. Nov. 28, 2011), *report and recommendation adopted*, 2012 WL 12485 (M.D. Tenn. Jan. 3, 2012).................................12

*Owens v. FirstEnergy Corp.*,
2020 WL 6873421 (S.D. Ohio Nov. 23, 2020)................................................................1

*In re Regions Morgan Keegan Closed-End Fund Litig.*,
2010 WL 5173851 (W.D. Tenn. Dec. 15, 2010) .......................................................7, 8, 9, 10

*St. Clair Cnty. Emps.' Ret. Sys. v. Acadia Healthcare Co.*,
2019 WL 494129 (M.D. Tenn. Jan. 9, 2019)..............................................................4, 5, 11

*Walker v. L Brands, Inc.*,
2019 WL 10733381 (S.D. Ohio Oct. 16, 2019).....................................................................11

STATUTES

15 U.S.C. § 78u-4 *et seq.* ......................................................................................... *passim*

Universal and Quoniam respectfully submit this memorandum of law in opposition to the competing motions for appointment as Lead Plaintiff (ECF Nos. 30, 35).[1]

## PRELIMINARY STATEMENT

On January 26, 2024, Universal and Quoniam filed a motion seeking appointment as Lead Plaintiff. Universal and Quoniam—two sophisticated, multi-billion-dollar institutions—are the presumptive Lead Plaintiff in this case by virtue of the more than $33 million in losses that they incurred on their Class Period investments in Dollar General common stock, and their unquestioned adequacy to prosecute this case. No competing movant can offer any legitimate arguments as to why Universal and Quoniam should not be appointed, or provide the "proof" required to rebut Universal's and Quoniam's status as the presumptive Lead Plaintiff.

In addition to Universal and Quoniam, two other movants filed motions seeking appointment as Lead Plaintiff: (1) the Treasurer of the State of North Carolina, on behalf of the North Carolina Retirement Systems, and the North Carolina Department of State Treasurer and the North Carolina Supplemental Retirement Board of Trustees, on behalf of the North Carolina Supplemental Retirement Plans (the "North Carolina Funds") (ECF No. 30); and (2) the New York City Police Pension Fund, the New York City Fire Department Pension Fund, and the Board of Education Retirement System of the City of New York (the "NYC Pension Group") (ECF No. 35). Of these movants, Universal and Quoniam unquestionably possess the largest financial interest in this litigation. *See Blitz v. AgFeed Indus., Inc.*, 2012 WL 1192814, at *7 (M.D. Tenn. Apr. 10, 2012) (in determining which movant has the largest financial interest, "the most important factor is the approximate losses suffered"); *Owens v. FirstEnergy Corp.*, 2020

---

[1] All capitalized terms are defined in Universal's and Quoniam's opening brief, unless otherwise indicated. *See* ECF No. 28. All emphasis is added, and all internal citations are omitted unless noted.

WL 6873421, at *9 (S.D. Ohio Nov. 23, 2020) (when assessing which movant has the largest financial interest, "the dominant approach . . . in the Sixth Circuit at large, [ ] is to treat the loss factor as determinative").

As demonstrated by the chart below, Universal's and Quoniam's loss is ***nearly four times greater*** than the loss claimed by the next largest movant, as calculated on a LIFO basis. Indeed, Universal's and Quoniam's LIFO loss is more than twice the size of the losses asserted by all other movants ***combined***.



Moreover, Universal and Quoniam also purchased more shares on a gross and net basis, and made larger net expenditures than all other movants combined. In fact, Universal, on its own, has a larger financial interest than the combined financial interest of the other movants. Courts have found this fact to be determinative in considering the total financial interest of a group of investors seeking lead plaintiff appointment. *See, e.g.*, *City of Pontiac Gen. Emps' Ret. Sys. v. Stryker Corp.*, 2011 WL 13228127, at *2 (W.D. Mich. Jan. 3, 2011) (appointing group of two institutional investors, either of which alone had a larger loss than the competing movant and thus "there is no issue in this case regarding the propriety of aggregating funds"). In

recognition that Universal and Quoniam have the largest financial interest and are otherwise typical and adequate Class representatives, the NYC Pension Group—the movant that asserted the second largest loss—does not oppose the appointment of Universal and Quoniam as Lead Plaintiff. *See* ECF No. 47.

Universal and Quoniam also satisfy the typicality and adequacy requirements of Rule 23. As set forth in the Joint Declaration submitted with their motion, Universal and Quoniam possess the capability, resources, experience, and commitment to oversee this litigation as a cohesive partnership and to ensure the zealous prosecution of this action in the best interests of the Class. *See* ECF No. 29-4 ¶¶ 2, 5, 8-9, 11-13, 17. Indeed, the decision by Universal and Quoniam—two institutional investors based in Germany—to join together to prosecute this action followed from their long-standing business relationship and their roles as fiduciaries, as well as their shared interest in the integrity of the public markets and addressing alleged wrongdoing. *See id*. ¶¶ 8-10. Universal's and Quoniam's decision to jointly seek appointment as Lead Plaintiff was further informed by Universal's and Quoniam's experience serving as lead plaintiff in other securities class actions, including cases in which they worked together with other institutional investors and supervised the work of lead counsel. *See id*. ¶¶ 2, 5, 11.

Further, Universal and Quoniam are sophisticated institutional investors that fully understand the Lead Plaintiff's obligations to the Class under the PSLRA, and are willing and able to undertake those responsibilities, including, among other things, conferring with counsel regarding litigation strategy and other matters, attending depositions, settlement mediations, and hearings, as needed, and reviewing and authorizing the filing of important litigation documents, to ensure the vigorous prosecution of this action. *See* ECF No. 29-4 ¶¶ 2, 5, 17; *see also Eshe Fund v. Fifth Third Bancorp*, 2008 WL 11322108, at *5 (S.D. Ohio Dec. 16, 2008) (appointing

3

group that submitted declaration "to show that they are willing to work together in the best interests of the proposed class").

Pursuant to the PSLRA, there is a strong presumption that Universal and Quoniam are the "most adequate plaintiff" because they have the largest financial interest in the litigation and have made a *prima facie* showing of their typicality and adequacy. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). That presumption can only be rebutted "upon proof" that Universal and Quoniam are atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such "proof" exists. To the contrary, Universal and Quoniam are sophisticated institutional investors with a long-standing relationship that collectively manage assets valued at more than 437 billion euros, have ample resources available to devote to this litigation, and have significant experience acting as fiduciaries and supervising the work of outside counsel in other securities class action litigation. *See* ECF Nos. 28 at 3, 14-15; 29-4 ¶¶ 2, 5, 8; *see also Farrah v. Provectus Biopharmaceuticals, Inc.*, 68 F. Supp. 3d 800, 806 (E.D. Tenn. 2014) (finding that competing movant "has not brought forth proof" to rebut the presumption).

For these reasons, the Court should grant Universal's and Quoniam's motion and deny the competing motions.

**ARGUMENT**

**I.      Universal And Quoniam Are The Most Adequate Plaintiff**

The PSLRA establishes a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). At this stage, a lead plaintiff movant need only make "a prima facie showing that it satisfies the typicality and adequacy requirements of [Rule 23]." *St. Clair Cnty. Emps.' Ret. Sys. v. Acadia Healthcare Co.*, 2019 WL

494129, at * 2 (M.D. Tenn. Jan. 9, 2019). Once this presumption attaches, it can only be rebutted with "proof" that the presumptive Lead Plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render [it] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Universal and Quoniam are the presumptive Lead Plaintiff in this action and no "proof" exists to rebut that presumption. *See In re Mersho*, 6 F.4th 891, 899, 902 (9th Cir. 2021) ("The [PSLRA] requires proof that the presumptive lead plaintiff is not adequate" and courts are required to "articulate how the evidence" presented by competing movants "proves" that the presumptive lead plaintiff is inadequate.). Accordingly, Universal and Quoniam are entitled to appointment as Lead Plaintiff.

A.      **Universal And Quoniam Have The Largest Financial Interest**

Universal and Quoniam have, by far, the largest financial interest in the relief sought by the Class. When assessing which movant has asserted the largest financial interest, courts in this District and Circuit consider a movant's loss as the most important factor. *See, e.g.*, *Franchi v. SmileDirectClub, Inc.*, 2020 WL 6479561, at *4 (M.D. Tenn. Jan. 27, 2020) ("The Court finds no reason to depart from its prior practice of relying on the fourth *Olsten-Lax* factor (approximate losses suffered) as the most important."); *Acadia Healthcare*, 2019 WL 494129, at *4-5 (appointing as lead plaintiff the movant claiming the largest losses); *Lim v. Hightower*, 2023 WL 7979869, at * 2 (N.D. Ohio Nov. 16, 2023) (noting that "courts in the Sixth Circuit often place the most emphasis on movants' losses" and "[t]o calculate these losses, courts prefer the last-in first-out ("LIFO") accounting method").

As illustrated in the chart below, Universal's and Quoniam's loss of over $33 million, as calculated on a LIFO basis, is ***nearly four times greater*** than the movant with the next largest loss, the NYC Pension Group. Indeed, Universal's and Quoniam's loss is more than double the combined loss of all competing movants. Universal and Quoniam also have, by far, the largest

5

financial interest based on the other factors courts consider in making that determination, having purchased the most total shares, purchased the most net shares, and expended the most net funds. *See SmileDirectClub*, 2020 WL 6479561, at *4 (courts apply the "*Olsten-Lax* factors" to determine which movant has the greatest financial interest: "(1) the number of shares purchased; (2) the number of net shares purchased (the difference between shares purchased and shares sold); (3) the total net funds expended (the difference between the amount spent on shares and the amount received from sale of shares); and (4) the approximate losses suffered").

| Movant | LIFO Loss | Shares Purchased | Net Shares Purchased | Net Funds Expended |
|---|---|---|---|---|
| Universal | $31,301,821 | 587,862 | 290,283 | $64,242,839 |
| Quoniam | $2,127,087 | 29,690 | 17,700 | $3,914,564 |
| **Universal & Quoniam** | **$33,428,908** | **617,552** | **307,983** | **$68,157,403** |
| | | | | |
| NYC Pension Group | $8,825,186 | 158,317 | 17,747 | $5,216,274 |
| | | | | |
| North Carolina Funds | $6,618,702 | 125,715 | 89,045 | $17,034,564 |

As shown above, Universal alone incurred a loss of $31.3 million, which is more than three-and-a-half times larger than the loss reported by the NYC Pension Group, as calculated on a LIFO basis. Moreover, Universal also purchased more total and net shares and expended more net funds than all the competing movants combined. *See Doherty v. Pivotal Software, Inc.*, 2019 WL 5864581, at *6 (N.D. Cal. Nov. 8, 2019) (explaining that "it is not necessary for members of a group to aggregate themselves in order to overcome the largest financial interest requirement if one of the group's members could meet that requirement by itself" and thus "[t]his is not a case in which lawyers aggregated plaintiffs in order to overcome the largest stake requirement").

There can be no credible dispute that Universal and Quoniam have the "largest financial interest in the relief sought by the class" and are entitled to be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

**B.      Universal And Quoniam Satisfy The Requirements Of Rule 23**

In addition to possessing the largest financial interest in the outcome of the litigation, Universal and Quoniam satisfy the relevant requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). To overcome the strong presumption entitling Universal and Quoniam to appointment as Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is atypical or inadequate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Regions Morgan Keegan Closed-End Fund Litig.*, 2010 WL 5173851, at \*6 (W.D. Tenn. Dec. 15, 2010) ("[S]peculative defects are not enough to defeat the presumption."). No such proof exists in this case, and there can be no credible arguments to the contrary.

As demonstrated in their opening brief, Universal and Quoniam are typical Class members. *See* ECF No. 28 at 8-9. Like all other Class members, Universal and Quoniam (1) purchased Dollar General common stock during the Class Period, (2) at prices artificially inflated by Defendants' alleged materially false and misleading statements, and (3) were damaged as a result. *See Provectus Biopharmaceuticals*, 68 F. Supp. 3d at 805. As such, Universal and Quoniam satisfy the typicality requirement.

Universal and Quoniam also satisfy Rule 23's adequacy requirement because they are capable of "fairly and adequately protect[ing] the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Universal and Quoniam have submitted evidence, through a sworn Joint Declaration, demonstrating their commitment and ability to direct this litigation jointly and in the best interests of the Class. *See generally* ECF No. 29-4; *see also In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 307 (S.D. Ohio 2005) (appointing group that submitted declaration showing

7

that "its members have indeed established a cohesive relationship"). As set forth in their Joint Declaration, Universal and Quoniam are sophisticated institutional investors with a long-term business relationship, through which Universal Investment Group and Quoniam provide each other with, among other things, certain fund administration and portfolio management services. *See* ECF No. 29-4 ¶ 8. Indeed, Quoniam served as the external investment advisor for several of the Universal funds that incurred losses on their investments in Dollar General common stock. *See id.* Moreover, as institutional investors, Universal and Quoniam (through its parent company, Union) each have dedicated staffs of professionals who will ensure close oversight of the litigation and counsel. *See id*. Further, Universal and Quoniam have significant experience acting as fiduciaries and overseeing outside counsel in complex litigation, including experience overseeing securities class action litigation. *See id.* ¶¶ 2, 5, 8-9, 11.

Universal and Quoniam are dedicated to overseeing their proposed counsel's prosecution of this action, and ensuring that the action is litigated in the best interests of all Class members. *See id.* ¶¶ 2, 5, 8-9, 13-14, 17. After learning of the claims against Dollar General, representatives of Universal and Quoniam began discussions with each other, outside the presence of counsel, regarding the claims and their options to recover their significant losses. *See id.* ¶ 10. Following multiple discussions, Universal and Quoniam each independently determined to partner in seeking appointment as Lead Plaintiff in this action. *See id.* ¶¶ 10-11; *see also Regions Morgan Keegan*, 2010 WL 5173851, at *13 (appointing lead plaintiff group that submitted declaration demonstrating they "have spoken with each other outside the presence of counsel and have established common goals for the litigation and a litigation strategy").

The determination by Universal and Quoniam to jointly prosecute this case was further informed by their experience litigating securities class actions as part of groups of institutional

investors and supervising the work of lead counsel. *See* ECF No. 29-4 ¶¶ 2, 5, 8, 11. As such, Universal and Quoniam understand and accept the duties and responsibilities of the Lead Plaintiff owed to other Class members and are fully committed to monitoring the prosecution of this action in the best interest of the Class. *See id*. ¶¶ 2, 5, 13-14, 17.

Such cooperation between institutional investors is expressly permitted by the PSLRA, and courts routinely appoint cohesive groups of class members as lead plaintiff in important securities class actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *id*. § 78u-4(a)(3)(B)(i); *see also Regions Morgan Keegan*, 2010 WL 5173851, at *13 ("Because of this explicit statutory language, most courts now find that groups may serve as lead plaintiff if they demonstrate that they can perform the active supervisory role the PSLRA envisions."). Universal and Quoniam have demonstrated that they have the willingness and ability to actively oversee the prosecution of this action.

Universal's and Quoniam's Joint Declaration also establishes that they have standing to assert these claims on behalf of their respective funds. Funds managed by Universal purchased Dollar General common stock during the Class Period and incurred losses on those investments. Those funds, established under German law, do not have legal capacity to bring claims, rather Universal has the exclusive authority to sue in its own name for damages suffered by the funds that it manages. *See* ECF No. 29-4 ¶ 3; *see also Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*, 2017 WL 5759361, at *4 (N.D. Ohio Nov. 28, 2017) (German asset manager "falls within the prudential exception to constitutional standing and may bring these claims on behalf of its funds").

Quoniam served as the investment manager or investment advisor for the two funds listed on its Certification: QFS SICAV and UIN-Fonds Nr. 618. *See* ECF No. 29-4 ¶¶ 6-7. Prior to seeking appointment as Lead Plaintiff, Quoniam obtained a valid assignment of claims from QFS

SICAV, which has legal title to the Dollar General shares that it purchased during the Class Period. *See id*. ¶ 6. Quoniam also obtained a valid assignment from UIN. *See id*. ¶ 7. Like the funds managed by Universal, the investment funds managed by UIN are established under German law. Those funds are not independent legal entities and thus lack the legal capacity to bring claims. *See id*. Instead, UIN has the exclusive authority to sue in its own name for damages suffered by the funds that it manages. *See id*.; *see also Bricklayers' & Allied Craftworkers Loc. #2 Albany, NY Pension Fund v. New Oriental Educ. & Tech. Grp. Inc.*, 2022 WL 1515451, at \*4 (S.D.N.Y. May 13, 2022) (German asset manager qualifies for the "prudential exception" and has standing to assert claims on behalf of its fund). Accordingly, Universal and Quoniam each have standing to assert these claims on behalf of their funds.[2]

Further, there is no conflict between Universal's and Quoniam's interests and those of the other Class members. To the contrary, the interests of Universal, Quoniam, and other Class members are directly aligned because all suffered damages from their purchases of Dollar General common stock at prices that were artificially inflated by Defendants' misconduct. As discussed above, Universal and Quoniam clearly have a substantial financial interest that provides them with the incentive to ensure the vigorous prosecution of this litigation, and have the experience and resources to prosecute this action efficiently and in the best interests of the Class. Thus, Universal and Quoniam have both the incentive and ability to supervise and monitor counsel.

---

[2] Moreover, the fact that Universal and Quoniam are based outside the U.S. has no bearing on their ability to serve as Lead Plaintiff. *See Regions Morgan Keegan*, 2010 WL 5173851, at \*8 (noting that courts routinely appoint foreign investors as lead plaintiffs). Indeed, they have submitted a sworn Joint Declaration attesting that they will fully participate in the litigation to ensure that the action is vigorously prosecuted in the best interests of the Class, as they have done in other securities class actions in which they serve as lead plaintiffs. *See* ECF No. 29-4 ¶¶ 12-13, 17.

10

Universal and Quoniam have further demonstrated their adequacy through their selection of Bernstein Litowitz as Lead Counsel and Sanford Heisler Sharp as Liaison Counsel for the Class. Bernstein Litowitz is experienced in prosecuting securities class actions and highly capable of managing complex litigation effectively, while Sanford Heisler Sharp has significant experience in this Court. *See Provectus Biopharmaceuticals*, 68 F. Supp. 3d at 806 (finding that "[movant]'s financial interest in this case and his choice of able counsel demonstrate that he will fairly and adequately protect the interest[s] of the proposed class"); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3d Cir. 2001) ("[O]ne of the best ways for a court to ensure that [a lead plaintiff movant] will fairly and adequately represent the interests of the class is to inquire whether the movant has demonstrated a willingness and ability to select competent class counsel[.]").

## II.     Universal's And Quoniam's Selection Of Counsel Should Be Approved

The PSLRA grants the Lead Plaintiff the authority to select and retain counsel to represent the Class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). In making this determination, the PSLRA provides that courts should not disrupt the Lead Plaintiff's choice of counsel unless doing so is necessary to protect the interests of the Class. *See Acadia Healthcare*, 2019 WL 494129, at *2 (lead plaintiff's "choice of counsel will be honored unless the Court finds that counsel to be unqualified, inexperienced, or otherwise incapable of adequately conducting the litigation"); *Walker v. L Brands, Inc.*, 2019 WL 10733381, at *4 (S.D. Ohio Oct. 16, 2019) ("Courts typically do not disturb a lead plaintiff's choice of counsel unless doing so is necessary to protect the interests of the class.").

Universal and Quoniam have selected Bernstein Litowitz as Lead Counsel and Sanford Heisler Sharp as Liaison Counsel for the Class. Bernstein Litowtiz is among the preeminent securities class action law firms in the country and has recovered over $40 billion for investors in securities class actions and obtained groundbreaking corporate governance reforms. *See* ECF No.

11

29-6.  Bernstein Litowitz has significant experience successfully prosecuting federal securities class actions, and is eminently qualified to represent the Class in this action.  *See* ECF No. 28 at 16-17.  Similarly, Sanford Heisler Sharp is well-qualified to serve as Liaison Counsel for the Class by virtue of the firm's significant experience in this Court.  *See id.* at 17-18; *see also* ECF No. 29-9.

Accordingly, the Court should approve Universal's and Quoniam's selection of counsel.  *See Norfolk Cnty. Ret. Sys. v. Cmty. Health Sys., Inc.*, 2011 WL 6202585, at *8 (M.D. Tenn. Nov. 28, 2011), *report and recommendation adopted*, 2012 WL 12485 (M.D. Tenn. Jan. 3, 2012) (approving lead plaintiff's selection of counsel that "submitted Resumes . . . showing that the proposed counsel are qualified, experienced, and generally able to conduct the litigation").

## III.    The Competing Motions Should Be Denied

Because Universal and Quoniam have met all the requirements for appointment as Lead Plaintiff, the Court need not consider the competing motions.  *See* 15 U.S.C. § 78u 4(a)(3)(B)(iii)(II); *see also In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").  This, together with the absence of any proof that could rebut the strong presumption favoring Universal's and Quoniam's appointment as Lead Plaintiff, is sufficient to deny the competing motions under the PSLRA's lead plaintiff selection process.  *See SmileDirectClub*, 2020 WL 6479561, at *3 ("If the presumption is not rebutted, the presumptive lead plaintiff will be appointed as lead plaintiff.").

**CONCLUSION**

For the reasons discussed above and in their opening brief, Universal and Quoniam respectfully request that the Court: (i) appoint them as Lead Plaintiff; (ii) approve their selection

12

of Bernstein Litowitz as Lead Counsel and Sanford Heisler Sharp as Liaison Counsel for the Class;

and (iii) grant any further relief as the Court may deem just and proper.

DATED: February 9, 2024                          Respectfully submitted,

**SANFORD HEISLER SHARP, LLP**

*/s/ Kevin H. Sharp*
Kevin H. Sharp, BPR No. 016287
Brent A. Hannafan, BPR No. 025209
611 Commerce Street, Suite 3100
Nashville, TN 37203
Telephone: (615) 434-7001
Facsimile: (615) 434-7020
ksharp@sanfordheisler.com
bhannafan@sanfordheisler.com

*Liaison Counsel for Proposed Lead Plaintiff*
*Universal and Quoniam and Proposed Liaison*
*Counsel for the Class*

**BERNSTEIN LITOWITZ BERGER**
**& GROSSMANN LLP**

Gerald H. Silk
Avi Josefson
Scott R. Foglietta
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jerry@blbglaw.com
avi@blbglaw.com
scott.foglietta@blbglaw.com

*Counsel for Proposed Lead Plaintiff Universal*
*and Quoniam and Proposed Lead Counsel for*
*the Class*

13

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 9, 2024, a true and correct copy of **Universal's and Quoniam's Memorandum of Law in Opposition to the Competing Motions for Appointment as Lead Plaintiff** was filed electronically via the Court's CM/ECF system. Notification of such electronic filing was served on all counsel of record listed below via the Court's electronic notification system:

Christopher M. Wood
Robbins Geller Rudman & Dowd LLP
200 31st Avenue North
Nashville, TN 37203
cwood@rgrdlaw.com

Darren J. Robbins
Robbins Geller Rudman & Dowd LLP
655 W. Broadway, Suite 1900
San Diego, CA 92101
darrenr@rgrdlaw.com

Amy L. Dawson
Peter E. Kazanoff
Simpson, Thacher & Bartlett, LLP
425 Lexington Avenue
New York, NY 10017-3954
amy.dawson@stblaw.com
pkazanoff@stblaw.com

Thomas C. Michaud
Vanoverbeke, Michaud & Timmony, PC
79 Alfred Street
Detroit, MI 48201
tmichaud@vmtlaw.com

Mary K. Blasy
Samuel H. Rudman
Robbins Geller Rudman & Dowd LLP
58 S. Service Road, Suite 200
Melville, NY 11747
mblasy@rgrdlaw.com
srudman@rgrdlaw.com

Joshua Sean Bolian
Milton S. McGee, III
Steven Allen Riley
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
jbolian@rjfirm.com
tmcgee@rjfirm.com
sriley@rjfirm.com

Jerry E. Martin
Barrett Johnston Martin & Garrison, LLC
200 31st Avenue North
Nashville, TN 37203
jmartin@barrettjohnston.com

James Gerard Stranch, IV
Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
gstranch@stranchlaw.com

*/s/ Kevin H. Sharp*
Kevin H. Sharp, BPR No. 016287

Sanford Heisler Sharp, LLP
611 Commerce Street, Suite 3100
Nashville, TN 37203
ksharp@sanfordheisler.com