# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| WASHTENAW COUNTY EMPLOYEES' RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> DOLLAR GENERAL CORPORATION, TODD J. VASOS, JEFFERY C. OWEN, JOHN W. GARRATT, and KELLY M. DILTS, <br><br> Defendants. | Civil Action No. 3:23-cv-01250 <br><br> <u>CLASS ACTION</u> <br><br> Judge Aleta A. Trauger |

## <u>LEAD PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO AMEND AND THE PARTIES' AGREED MOTION FOR AN AMENDED SCHEDULING ORDER</u>

Pursuant to Federal Rule 15 and Local Rule 15.01 of the United States District Court for the Middle District of Tennessee, Lead Plaintiffs Universal-Investment-Gesellschaft mbH and Quoniam Asset Management GmbH, by and through their undersigned counsel, respectfully move the Court for leave to file the proposed Second Consolidated Amended Complaint ("SCAC"), attached hereto as **Exhibit A** (which states the entirety of the pleading with amendments incorporated), and respectfully aver the following:

1. Pursuant to LR 15.01(a)(1), the reasons supporting the amendment include:

   a. The operative complaint (Doc. 63) is Lead Plaintiffs' first complaint after being appointed by the Court to lead this case pursuant to the Private Securities Litigation Reform Act of 1995 and, thus, the proposed amendment will be Lead Plaintiffs' first amendment of their pleading;

b. Federal Rule 15(a)(1)(B) provides in relevant part that a "party may amend its pleading once as a matter of course" within "21 days after service of a motion under Rule 12(b)." *See* Fed. R. Civ. P. 15(a)(1)(B). Accordingly, Lead Plaintiffs have the right under Federal Rule 15 to amend their pleading as a matter of course within 21 days of service of Defendants' motions to dismiss under Federal Rule 12(b);

c. Defendants' Rule 12(b) motions to dismiss are currently due on October 16, 2024. Given Lead Plaintiffs' intent to amend their complaint, it would be inefficient and uneconomical to require Defendants to first file their motions to dismiss directed at the prior complaint before Lead Plaintiffs are able to exercise their right under Federal Rule 15 to amend as a matter of course. Simply put, this would require Defendants to file motions to dismiss that would be rendered redundant and moot within a matter of days; and

d. The proposed amendment will not burden or prejudice any parties or third parties, especially at this early stage of the case where there is no set trial date, discovery has not begun, and no existing case deadlines will be impacted if Lead Plaintiffs' motion is granted.

2. Further, in terms of substance, as confirmed by the redline attached as **Exhibit B**, Lead Plaintiffs' proposed amendments are summarized below:

a. Lead Plaintiffs have, among other things, added factual allegations regarding Defendants' statements about Dollar General's alleged inventory problems, and additional alleged corrective disclosures, *see, e.g.,* paragraphs 2, 16, 151, 182-183, 186-209, 212, 214, 216, 218, 220, 222, 224, 300-312, 425, 432, and 477-

2

491 of the proposed SCAC. Lead Plaintiffs also have extended the putative Class Period through August 28, 2024, *see e.g.*, paragraphs 499-500 of the proposed SCAC; and

b. Lead Plaintiffs have also added factual allegations concerning Dollar General's settlement with the Occupational Safety and Health Administration ("OSHA") (the "OSHA Settlement"), which was announced on July 11, 2024, *see e.g.*, paragraphs 12 and 139-142 of the proposed SCAC.

3. Pursuant to LR 15.01(a)(2), Lead Plaintiffs respectfully state that they have conferred with opposing counsel for all Defendants and, while they reserve all rights and intend to move to dismiss the SCAC, Defendants do not oppose the relief sought in Plaintiffs' motion.

4. Counsel for the parties have further conferred and agreed to the following schedule in the event that the Court grants the Motion For Leave to Amend:

a. Moving briefs due November 15, 2024;

b. Opposition briefs due January 21, 2025;

c. Reply briefs due February 21, 2025.

5. The Court previously granted Defendants' request for relief from the Court's page limits for briefs and permitted Defendants a total of no more than 60 pages for their opening motion to dismiss brief(s). Given the additional allegations in the SCAC and extended putative Class Period, Defendants request an additional ten pages in the aggregate for their moving brief(s), for a total of no more than 70 pages. Lead Plaintiffs request at least the equivalent amount of pages for their opposition brief(s) (*i.e.*, 70 pages)—but reserve the right to request additional pages after they have had an opportunity to review Defendants' motion(s). Defendants further request a total of no more than 18 pages for their reply brief(s)—but reserve the right to request additional pages after

3

they have had an opportunity to review Plaintiffs' opposition brief(s). The parties have agreed to these reciprocal requests for relief from the Court's page limits for briefs and have attached a proposed Agreed Order as **Exhibit C**.

For the foregoing reasons, Lead Plaintiffs respectfully request that the Court grant the Unopposed Motion for Leave to Amend and the parties respectfully request that the Court grant the Agreed Motion for an Amended Scheduling Order.

DATED: October 9, 2024

Respectfully submitted,

**SANFORD HEISLER SHARP, LLP**

 /s/ Kevin H. Sharp
Kevin H. Sharp (BPR No. 016287)
Brent A. Hannafan (BPR No. 025209)
Kristi S. McGregor
611 Commerce Street, Suite 3100
Nashville, TN 37203
Telephone: (615) 434-7001
Facsimile: (615) 434-7020
ksharp@sanfordheisler.com
bhannafan@sanfordheisler.com
kmcgregor@sanfordheisler.com

*Liaison Counsel for Lead Plaintiffs Universal and Quoniam and Proposed Liaison Counsel for the Class*

**BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP**

/s/ Jeremy P. Robinson
Salvatore J. Graziano (*admitted pro hac vice*)
Jeremy P. Robinson (*admitted pro hac vice*)
Alexander Noble (*admitted pro hac vice*)
Brandon Slotkin (*admitted pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
salvaore@blbglaw.com
jeremy@blbglaw.com

4

alexander.noble@blbglaw.com
brandon.slotkin@blbglaw.com

*Counsel for Lead Plaintiffs Universal and Quoniam and Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2024, a true and correct copy of LEAD PLAINTIFFS'

UNOPPOSED MOTION FOR LEAVE TO AMEND AND THE PARTIES' AGREED MOTION

FOR AN AMENDED SCHEDULING ORDER was filed electronically via the Court's CM/ECF

system. Notification of such electronic filing was served on all counsel of record on October 9,

2024 via the CM/ECF system to the following individuals below:

Christopher M. Wood
Robbins Geller Rudman & Dowd LLP
200 31st Avenue North
Nashville, TN 37203
cwood@rgrdlaw.com

Darren J. Robbins
Robbins Geller Rudman & Dowd LLP
655 W. Broadway, Suite 1900
San Diego, CA 92101
darrenr@rgrdlaw.com

Amy L. Dawson
Peter E. Kazanoff
Simpson, Thacher & Bartlett, LLP
425 Lexington Avenue
New York, NY 10017-3954
amy.dawson@stblaw.com
pkazanoff@stblaw.com

Thomas C. Michaud
Vanoverbeke, Michaud & Timmony, PC
79 Alfred Street
Detroit, MI 48201
tmichaud@vmtlaw.com

Mary K. Blasy
Samuel H. Rudman
Robbins Geller Rudman & Dowd LLP
58 S. Service Road, Suite 200
Melville, NY 11747
mblasy@rgrdlaw.com
srudman@rgrdlaw.com

Joshua Sean Bolian
Milton S. McGee, III
Steven Allen Riley
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
jbolian@rjfirm.com
tmcgee@rjfirm.com
sriley@rjfirm.com

Jerry E. Martin
Barrett Johnston Martin & Garrison, LLC
200 31st Avenue North
Nashville, TN 37203
jmartin@barrettjohnston.com

James Gerard Stranch, IV
Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
gstranch@stranchlaw.com

*/s/ Kevin H. Sharp*
Kevin H. Sharp, BPR No. 016287