# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| WASHTENAW COUNTY EMPLOYEES' RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> DOLLAR GENERAL CORPORATION, TODD J. VASOS, JEFFERY C. OWEN, JOHN W. GARRATT, and KELLY M. DILTS, <br><br> Defendants. | Civil Action No. 3:23-cv-01250 <br><br> <u>CLASS ACTION</u> <br><br> Judge Aleta A. Trauger |

## <u>MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFFS' MOTION TO SET ASIDE THE COURT'S ENTRY OF JUDGMENT</u>

**<u>TABLE OF CONTENTS</u>**

**<u>Page</u>**

INTRODUCTION .............................................................................................................. 1

RELEVANT BACKGROUND ......................................................................................... 1

ARGUMENT .................................................................................................................... 2

      I.      RELEVANT LEGAL STANDARDS ................................................... 2

      II.     THE COURT SHOULD SET ASIDE THE JUDGMENT .................................... 3

CONCLUSION .................................................................................................................. 4

Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), Lead Plaintiffs Universal-Investment-Gesellschaft mbH and Quoniam Asset Management GmbH ("Lead Plaintiffs" or "Plaintiffs") hereby submit this Memorandum in support of their Motion to Set Aside the Court's Entry of Judgment.

**INTRODUCTION**

On June 24, 2025, the Court dismissed the operative complaint (ECF No. 73, the "Complaint") in this Action "without prejudice to seeking amendment" but also instructed the Clerk to "enter judgment in accordance with Rule 58, Federal Rules of Civil Procedure." ECF No. 88 at 33 (the "Opinion"); ECF No. 89. On July 2, 2025, the Deputy Clerk of Court entered judgment (ECF No. 90, the "Judgment").

In order for Lead Plaintiffs to seek leave to file an amended complaint—as expressly contemplated by the Court's Opinion—the Judgment must first be set aside. Accordingly, Lead Plaintiffs respectfully request that the Court set aside the Judgment so that Lead Plaintiffs may seek leave to file an amended complaint to address the Opinion. Lead Plaintiffs respectfully propose filing such motion by August 25, 2025.

Defendants take no position on the motion except request that, if the motion is granted, they be given 60 days to respond to Lead Plaintiffs' motion for leave to file an amended complaint.

**RELEVANT BACKGROUND**

The Court granted Defendants' motion to dismiss the Complaint on June 24, 2025. ECF Nos. 88-89. The Court dismissed the Complaint "without prejudice to seeking amendment." *Id.* On July 2, 2025, the Deputy Clerk of Court entered the Judgment. Absent relief from the Court, the Judgment forecloses Lead Plaintiffs' ability to later seek leave to amend. ECF No. 90.

1

<u>**ARGUMENT**</u>

**I.     RELEVANT LEGAL STANDARDS**

After an entry of final judgment, "a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002).[1]

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson III*, 428 F.3d 605, 620 (6th Cir. 2005).

A court may relieve a party from judgment under Rule 60 because of "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) and (6). Under Rule 60(b), "[t]here is much more reason for liberality in reopening a judgment when the merits of the case never have been considered than there is when the judgment comes after a full trial on the merits." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 364 (6th Cir. 2001).

Generally, "leave to amend is freely given when justice so requires." *Morse*, 290 F.3d at 799-800 (quoting Fed. R. Civ. P. 15(a)). "[C]ase law in this Circuit manifests liberality in allowing amendments to a complaint." *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. Ohio 2015). Moreover, "[i]n the securities litigation context, leave to amend is particularly appropriate where the complaint does not allege fraud with particularity." *Morse,* 290 F.3d at 800.

---

[1] Unless otherwise noted, all emphasis is added, and internal quotations and citations are omitted.

## II.     THE COURT SHOULD SET ASIDE THE JUDGMENT

Lead Plaintiffs respectfully request that the Court set aside the Judgment so that Lead Plaintiffs may seek to file an amended Complaint.

**First**, the Court's Opinion explicitly provided for Lead Plaintiffs to seek to amend the Complaint. As noted above, the Court's Opinion stated expressly that it was "***without prejudice to seeking amendment***." Opinion at 33. The Sixth Circuit has made clear that "dismissal with prejudice and without leave to amend is not appropriate unless it is clear on *de novo* review that the complaint could not be saved by amendment." *Newberry*, 789 F.3d at 645–46 (remanding "to allow [plaintiff] an opportunity to file an amended complaint" where "the complaint failed to meet the pleading requirements of Rule 9(b)"). The Judgment should be set aside so that Plaintiffs can seek to amend their Complaint in accordance with the plain language of the Opinion.

**Second**, the Court's Opinion is the first adjudication of Lead Plaintiffs' claims. Courts routinely grant motions to set aside judgments in similar circumstances. *See e.g.*, *Morse*, 290 F.3d at 801 (vacating denials of motion to alter judgment and motion for leave to amend where plaintiffs' second amended complaint "merely attempts to remedy the defects identified by the magistrate"); *Jiaxi Hu v. Chan*, 2018 WL 3242306, at *1, *2 (S.D. Ohio Feb. 16, 2018) (granting Rule 59(e) motion where "[p]laintiffs had not [pled] fraud with sufficient particularity to state a claim for violations of the Securities and Exchange Act" and plaintiffs sought to amend their complaint with new evidence). Lead Plaintiffs respectfully submit that the Court should do the same here.

**Third**, equitable considerations counsel in favor of setting aside the Judgment here. *Bovee*, 272 F.3d at 364 ("Equitable considerations may be taken into account by a court in the exercise of its discretion under Rule 60(b)"). There has been no ruling on the merits of Lead Plaintiffs' claims after "a full trial on the merits," which is an "important equitable consideration." *Id*. It is well-

established that, as here, "[t]here is much more reason for liberality in reopening a judgment when the merits of the case never have been considered than there is when the judgment comes after a full trial on the merits." *Id.* Here, the Parties are at the initial pleading stage and there has been no discovery to date. The early stage of this Action strongly weighs in favor of setting aside the Judgment.

In addition, setting aside the Judgment so that Lead Plaintiffs may seek to amend the Complaint will diminish the likelihood of multiple appeals to the Sixth Circuit and further the interests of judicial economy. *See Casden v. Burns*, 306 F. App'x 966, 969 (6th Cir. 2009) ("permitting only a single review of all issues avoids the waste of time and resources which inevitably would result if piecemeal appeals were permitted").

## CONCLUSION

For the foregoing reasons, Lead Plaintiffs respectfully request that the Court set aside the Judgment so that Lead Plaintiffs may seek to file an amended complaint. If the Court is inclined to accommodate this request, Lead Plaintiffs respectfully request that the Court set a deadline of August 25, 2025 for Lead Plaintiffs to file their motion for leave to amend. Defendants take no position on the motion except request that, if the motion is granted, they be given 60 days to respond to Lead Plaintiffs' motion for leave to file an amended complaint.

4

DATED: July 10, 2025

Respectfully submitted,

**SANFORD HEISLER SHARP MCKNIGHT, LLP**

*/s/ Kristi S. McGregor*
Kristi S. McGregor (GA Bar No. 674012)
Brent A. Hannafan (BPR No. 025209)
611 Commerce Street, Suite 3100
Nashville, TN 37203
Telephone: (615) 434-7001
Facsimile: (615) 434-7020
bhannafan@sanfordheisler.com
kmcgregor@sanfordheisler.com

*Liaison Counsel for Lead Plaintiff Universal and Quoniam and Proposed Liaison Counsel for the Class*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

Salvatore J. Graziano (admitted *pro hac vice*)
Jeremy P. Robinson (admitted *pro hac vice*)
Alexander Noble (admitted *pro hac vice*)
Jonathan D'Errico (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
salvatore@blbglaw.com
jeremy@blbglaw.com
alexander.noble@blbglaw.com
jonathan.derrico@blbglaw.com

*Counsel for Lead Plaintiff Universal and Quoniam and Lead Counsel for the Class*

5