| | |
|---|---|
| WASHTENAW COUNTY EMPLOYEES' RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> DOLLAR GENERAL CORPORATION, TODD J. VASOS, JEFFERY C. OWEN, JOHN W. GARRATT, and KELLY M. DILTS, <br><br> Defendants. | Civil Action No. 3:23-cv-01250 <br><br> CLASS ACTION <br><br> Judge Aleta A. Trauger |

## LEAD PLAINTIFFS' MOTION
## FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15 and Local Rule 15.01 of the United States District Court for the Middle District of Tennessee, Lead Plaintiffs Universal-Investment-Gesellschaft mbH and Quoniam Asset Management GmbH (together, "Plaintiffs"), by and through their undersigned counsel, respectfully move the Court for leave to file the proposed Third Amended Complaint ("TAC"), attached hereto as **Exhibit A**, which states the entirety of Plaintiffs' pleading with amendments incorporated, and respectfully aver the following:

1. Pursuant to Local Rule 15.01(a)(1), the reasons supporting the amendment include:

   a. On June 24, 2025, the Court held that Plaintiffs' prior complaint did not adequately plead scienter under the factors set forth in *Helwig v. Vencor*, Inc., 251 F.3d 540, 552 (6th Cir. 2001). ECF No. 88 (the "Opinion"). This was the Court's first ruling on the pleadings. Plaintiffs' TAC is the first opportunity that Plaintiffs have had to address the concerns identified by the Court;

1

b. The Court "dismiss[ed] the [prior] Complaint without prejudice to seeking amendment." ECF No. 88 at 33. Thus, the Court explicitly contemplated that Plaintiffs would seek to file a proposed amended complaint;

c. The proposed TAC will not unduly burden or prejudice any parties or third parties. The TAC does not advance new claims, it only adds new facts supporting the same securities claims previously advanced. Further, the case is still at an early stage (the pleading stage) where there is no set trial date, there is no risk of duplicative discovery because discovery is currently stayed pursuant to the PSLRA, and no existing case deadlines will be impacted if Plaintiffs' motion is granted;

d. The proposed amendment is not futile. As a result of Plaintiffs' robust investigation, the TAC contains numerous additional facts addressing the Court's concerns regarding the inference of scienter, including as briefly summarized below, as summarized in more detail in the attached Memorandum Of Law In Support Of Lead Plaintiffs' Motion For Leave To File A Third Amended Complaint, and as fully set forth in the proposed TAC;

e. Plaintiffs' amendment is not proposed in bad faith. Plaintiffs' proposed amendment addresses the specific scienter concerns expressed by the Court in its June 24, 2025 Order (ECF No. 89), which was the first and only adjudication of whether Plaintiffs meet the applicable pleading standards. There has been no gamesmanship here; and

f. There has been no undue delay in Plaintiffs' proposed amendment. Plaintiffs expeditiously moved to set aside the Court's prior entry of judgment (ECF No.

2

91) and filed their motion for leave to amend pursuant to the schedule ordered by the Court (ECF No. 92). Further, Plaintiffs have closely coordinated with Defendants to ensure they had sufficient notice of the anticipated motion to amend, including as described below.

2.        Further, in terms of substance, as confirmed by the redline attached as **Exhibit B**, Plaintiffs' proposed amendments are briefly summarized below:

a.  Plaintiffs have added factual allegations reported by a former Dollar General employee that confirm Defendants Vasos, Owen, and Garrett reviewed emails that were sent to them regarding Dollar General's excess inventory problems at the heart of this case and they were kept in the loop regarding their underlings' follow-up with the former employees regarding the complaints, *see, e.g.*, paragraphs 11, 51-53, 54-58, 96-98, 111, 133-37, 505 of the proposed TAC;

b.  Plaintiffs have added factual allegations reported by former Dollar General employees that confirm their firsthand attendance at meetings with Defendants where the inventory problems were discussed and provide other additional, corroborating details such as dates, attendees, and specifics concerning the meetings and/or discussions, *see, e.g.*, paragraphs 12, 64-68, 80-82, 99-103, 104-07, 117-25, 133-37, 177, 505 of the proposed TAC;

c.  Plaintiffs have added factual allegations reported by a former Dollar General employee that Defendant Vasos was directly involved in efforts to hide excess inventory during investor visits, including based on this former employee's personal involvement in three instances where this happened, *see, e.g.*, paragraphs 7, 164-71 of the proposed TAC;

3

d. Plaintiffs have added factual allegations that, as newly promoted C-level officers, Defendants Owen and Dilts had to increase their Company stock holdings during the Class Period to meet Company executive stock holding requirements, which effectively precluded them from selling any meaningful holdings of Dollar General stock or engaging in insider sales, *see, e.g.*, paragraphs 18, 32, 36, 523-33 of the proposed TAC;

e. Plaintiffs have added factual allegations concerning Defendant Vasos's and Garratt's base compensation levels to contextualize their substantial proceeds from insider trading, *see, e.g.*, paragraphs 18, 516-22 of the proposed TAC;

f. Plaintiffs have added factual allegations concerning the significant overlap between the subject matter of certain ancillary actions and investigations with Defendants' misrepresentations, including that Dollar General's settlement with the Occupational Safety and Health Administration required Dollar General's CEO (Defendant Vasos) and "all other senior executive leadership" to implement certain reforms and mandated that the Company's "senior leadership" review the Company's compliance on a quarterly basis, and that certain regulatory charges were resolved through a non-public settlement agreement, *see, e.g.*, paragraphs 15, 202-08, 214-15, 506-08 of the proposed TAC;

g. Plaintiffs have added factual allegations concerning the confusing nature of Defendants' application of LIFO to report Dollar General's inventory calculations and that the negative implications of Dollar General's accounting-related disclosures required a high degree of sophistication to understand, *see,*

4

*e.g.*, paragraphs 553-55 of the proposed TAC; and

h. Plaintiffs have added factual allegations concerning the unique personal financial motives incentivizing Defendants to mislead investors, including that the Executive Defendants was enrolled in short and long-term incentive compensation programs that rewarded them with cash payouts and stock shares in direct proportion to the amount of Operating Profit that Dollar General reported, *see, e.g.*, paragraphs 18, 30, 32, 34, 36, 534-52 of the proposed TAC.

3. Pursuant to LR 15.01(a)(2), Plaintiffs respectfully state that they have conferred with opposing counsel for Defendants. Plaintiffs understand that Defendants' present intention is to oppose the proposed amendment pursuant to the Court-ordered schedule to do so. *See* ECF No. 92.

4. For the foregoing reasons, Plaintiffs respectfully request that the Court grant Lead Plaintiffs' Motion For Leave To File A Third Amended Complaint.

DATED: August 25, 2025

Respectfully submitted,

**SANFORD HEISLER SHARP, LLP**

*/s/ Kristi S. McGregor*
Kristi S. McGregor (GA Bar No. 674012)
611 Commerce Street, Suite 3100
Nashville, TN 37203
Telephone: (615) 434-7001
Facsimile: (615) 434-7020
kmcgregor@sanfordheisler.com

*Liaison Counsel for Lead Plaintiff Universal and Quoniam and Liaison Counsel for the Class*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Jeremy P. Robinson*
Salvatore J. Graziano (admitted *pro hac vice*)
Jeremy P. Robinson (admitted *pro hac vice*)
Alexander Noble (admitted *pro hac vice*)
Jonathan D'Errico (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
salvatore@blbglaw.com
jeremy@blbglaw.com
alexander.noble@blbglaw.com
jonathan.derrico@blbglaw.com

*Counsel for Lead Plaintiff Universal and Quoniam and Lead Counsel for the Class*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2025, a true and correct copy of **LEAD PLAINTIFFS'**

**MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT** was filed

electronically via the Court's CM/ECF system. Notification of such electronic filing was served

on all counsel of record on August 25, 2025 via the CM/ECF system to the following individuals

below:

Peter E. Kazanoff  
Amy L. Dawson  
Simpson, Thacher & Bartlett, LLP  
425 Lexington Avenue  
New York, NY 10017-3954  
pkazanoff@stblaw.com  
amy.dawson@stblaw.com

Joshua Sean Bolian  
Milton S. McGee, III  
Steven Allen Riley  
Riley & Jacobson, PLC  
1906 West End Avenue  
Nashville, TN 37203  
jbolian@rjfirm.com  
tmcgee@rjfirm.com  
sriley@rjfirm.com

*/s/ Kristi S. McGregor*  
Kristi S. McGregor (GA Bar No. 674012)

7