# EXHIBIT 22

| | |
|---|---|
| **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor, <br><br> Complainant, <br> v. <br><br> **DOLLAR GENERAL CORPORATION, dba DOLLAR GENERAL et al,** <br><br> Respondents. | OSHRC Docket Nos.: 22-1016 et al (Consolidated) |

## CORPORATE-WIDE STIPULATION AND SETTLEMENT AGREEMENT

### I.

### Scope and Intent of Settlement Agreement

**Complainant**, Acting Secretary of Labor, United States Department of Labor ("Complainant" or "Acting Secretary"), by and through her attorneys, and **Respondent**, Dollar General Corporation d/b/a Dollar General and its retail subsidiaries listed in Appendix A (collectively "Respondent"), hereby stipulate and agree that:

(A)    Complainant cited Respondent for alleged violations of the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651, *et seq*. ("the Act" or "OSH Act") and issued Citations and Notifications of Proposed Penalties. Appendix B is a list of those citations with their corresponding inspection numbers, OSHRC docket numbers, and issuance dates.

(B)    Respondent is an employer within the meaning of Section 3(5) of the Act. Respondent duly filed with a representative of Complainant notices of intent to contest the citations and proposed penalties. These notices were duly transmitted to the Occupational Safety and Health Review Commission ("Commission"), and it is agreed that jurisdiction of these proceedings is conferred upon said Commission by Section 10(c) of the Act.

(C)    Complainant and Respondent ("the Parties") have agreed in this Corporate-Wide Stipulation and Settlement Agreement ("Settlement Agreement") to resolve in full and as described below all matters in the citations identified in Appendix B. This Settlement Agreement also resolves the Secretary's 11(b) petition pending before the Seventh Circuit in Case No. 22-2499 that will be withdrawn with Respondent's non-objection.

Agreement Term pursuant to Paragraph (B) of this Section or terminating the Agreement pursuant to Paragraph (D) of this Section.

(D) Beginning six months following the Effective Date, if either party seeks early termination of this Agreement, the party shall first provide written notice to the other party of its intent to terminate. Following this notice, the Parties shall meet to confer in good faith about keeping the Settlement Agreement in effect. After this meeting, the Settlement Agreement may be terminated early by any party with 30 days written notice to terminate.

## III.

### Amendment and Resolution of Citation Items

(A) Complainant has amended the citations as set forth in Appendix C.

(B) The total amended, combined penalty for all dockets covered by the Settlement Agreement shall be twelve million dollars. Of that total amount, the individual penalty for each citation is set forth in Appendix C.

(C) Respondent does not object to Complainant amending the Citations as set forth in Section III, Paragraph (A) above.

(D) Respondent certifies that the specific violative conditions alleged in the above-referenced citations, as amended herein ("Covered Violations"), have been abated or will be abated within 10 days from the Effective Date. The abatement deadlines for the enhanced abatement measures in Section IV, Paragraphs (A) and (B), are set forth below.

(E) Respondent represents that, for each of the Covered Violations, and for all enhanced abatement measures set forth in Section IV, Paragraphs (A) and (B), abatement verification and certification, as required by 29 C.F.R. 1903.19(c), and abatement documentation, as required by 29 C.F.R. 1903.19(d), shall be signed by an executive or senior director of Respondent and submitted to OSHA's Director (or Acting Director) of its Directorate of Enforcement Programs no later than 30 days from the date of the Commission's final order terminating the proceedings in the dockets covered by the Settlement Agreement, unless otherwise specified herein.

(F) The Citations and Notifications of Penalties in Section I, Paragraph (A) and Appendix B, as amended by Section III, Paragraph (A), are deemed amended to include the full terms of this Settlement Agreement, including but not limited to all enhanced abatement measures set forth in Section IV, and all implementation dates which are delineated in this Settlement Agreement.

(G) This Settlement Agreement resolves any open inspections that Federal OSHA has at the date of execution alleging violations at one or more of the Covered Stores of one or more of the following standards: 29 C.F.R. 1910.37(a)(3); 29

3

<strong>VI.</strong>

<strong>Reporting and Meeting Requirements</strong>

(A) Respondent has begun developing indicators, including those consistent with the guidance in *Using Leading Indicators to Improve Safety and Health Outcomes*, OSHA Publication 6742 (June 2019) or other relevant guidance, and store level metrics it believes will demonstrate the effectiveness of Respondent's safety and health program and the enhanced abatement measures in Section IV and track Respondent's progress and compliance with this Settlement Agreement. Respondent will submit the indicators to OSHA in writing within 60 days of the Effective Date. The Parties shall discuss the indicators at the quarterly meetings described in Paragraph B of this section and Respondent shall trend the indicators, as applicable, for the remainder of the Agreement Term.

(B) The Parties shall meet quarterly, in person or virtually, for the first year of the Agreement Term to discuss Respondent's progress and collaboratively address any questions or concerns related to Respondent's implementation of the enhanced abatement measures in Section IV and compliance with this Settlement Agreement. The Parties are responsible for the following:

1. The Parties shall mutually set and agree on Respondent's leading and lagging indicators to monitor Respondent's implementation of the enhanced abatement measures identified in Section IV of this Settlement Agreement. The Parties shall memorialize the agreed upon indicators in writing within one week after each meeting.

2. Respondent shall prepare and submit a written report to OSHA at least two weeks in advance of each meeting describing their activities and performance related to each of the enhanced abatement measures identified in Section IV of this Settlement Agreement, including but not limited to actions taken based on the root cause analysis; actions remaining to fully implement the enhanced abatement measures in Section IV; and any corrective actions taken based on information obtained from third-party compliance auditing, CCTV monitoring, and other sources (if applicable) during the reporting period (other than any such activities already reported to OSHA under Section IX(F) of this Settlement Agreement).

3. OSHA shall provide Respondent in writing data it has collected at least two weeks in advance of each meeting, such as information on complaints, referrals, and inspections during the reporting period.

(C) Respondent shall continue to submit a quarterly written report to OSHA for the second year of the two-year Agreement Term addressing Respondent's activities and performance related to each of the enhanced abatement measures identified in Section IV of this Settlement Agreement as described in Paragraphs (B) and (B)(2) of this Section.

11

made to apply to any or all of the Covered Stores. The Parties further stipulate and agree that any extension of time approved by OSHA in response to a PMA submitted by Respondent during the term of this Settlement Agreement shall be automatically incorporated into this Settlement Agreement and binding upon the Parties.

## XIV.

### Costs

Each Party hereby agrees to bear its own attorney's fees, costs and other expenses incurred by such Party in connection with any stage of these proceedings, including but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act (EAJA), as amended.

## XV.

### No Alteration of Employee Rights

Nothing in this Settlement Agreement alters in any manner the rights afforded employees under the Act.

Respectfully submitted,

FOR THE COMPLAINANT:

Signed on: **July 11, 2024**

**SEEMA NANDA**
Solicitor of Labor

**EDMUND C. BAIRD**
Associate Solicitor for
Occupational Safety and Health

/s/  Peter Vassalo
**PETER VASSALO**
Counsel for Special Litigation

/s/ Catherine Seidelman
**CATHERINE SEIDELMAN**
Senior Attorney

FOR THE RESPONDENT:

Signed on: **July 11, 2024**

 /s/  Eric E. Hobbs
**ERIC E. HOBBS**
Shareholder

**Ogletree Deakins**
Pabst Boiler House
1243 North 10th Street, Suite 200
Milwaukee, WI 53205
T: 414-239-6414
eric.hobbs@ogletree.com

Attorney for Dollar General Corporation d/b/a Dollar General, et. al.

21

/s/  LaNita L. McWilliams
**LANITA L. MCWILLIAMS**
Attorney

U.S. Department of Labor
SOL-OSH Division
200 Constitution Avenue NW, Suite S-4004
Washington, DC 20210
F: (202) 693-5466
vassalo.peter@dol.gov
mcwilliams.lanita@dol.gov

/s/ Rachel Graeber
**RACHEL GRAEBER**
Regional Counsel for OSHA

/s/ Melanie Stratton
**MELANIE STRATTON**
Trial Attorney

/s/ Kathryn Hagerman
**KATHRYN HAGERMAN**
Trial Attorney

U.S. Department of Labor
Atlanta Regional Solicitor's Office
61 Forsyth Street, S.W., Rm 7T10
Atlanta, GA 30303

Attorneys for **JULIE A. SU**
Acting Secretary of Labor, United States
Department of Labor, Complainant

/s/ Steven Deckard
**STEVEN DECKARD**
Senior Vice President of Store
Operations