**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| WASHTENAW COUNTY EMPLOYEES' RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> DOLLAR GENERAL CORPORATION, TODD J. VASOS, JEFFERY C. OWEN, JOHN W. GARRATT, and KELLY M. DILTS, <br><br> Defendants. | Case No. 3:23-CV-01250 <br><br> CLASS ACTION <br><br> Judge Aleta A. Trauger |

**DEFENDANTS' REPLY RELATING TO NOTICE OF SUPPLEMENTAL AUTHORITY**

On January 29, 2026, Defendants submitted a short notice alerting the Court to the Sixth Circuit's recent decision in *Newtyn Partners, LP v. Alliance Data Systems Corp.*, No. 25-3313 (6th Cir. Jan. 21, 2026). ECF 102. Defendants did not present any arguments in their Notice.

In their response, Plaintiffs improperly took the opportunity to file an unauthorized sur-reply brief in further support of their motion for leave to file a third amended complaint. ECF 104. Plaintiffs went even further, however, by also mischaracterizing the allegations in their proposed third amended complaint and effectively seeking to make additional amendments through their unauthorized sur-reply memorandum. *See, e.g.,* ECF 104 at 3 (mischaracterizing allegations relating to internal reports and Dollar General's share ownership guideline).[1]

---

[1] *See, e.g., Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) ("Plaintiffs cannot, by contrast, amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint.").

Rather than burden the Court with additional briefing, Defendants respectfully identify below the pages in their Opposition to the Motion to Amend (ECF 98) where they previously discussed the points Plaintiffs raised in their February 4 filing:

- Insufficient allegations of misstatements:  Opp. at 24-25; *see also* MTD (ECF 81) at 31-54;

- Insufficient allegations of former employees:  Opp. at 1-2, 6-7; *see also* MTD at 27-30;

- Insufficient allegations of divergence between internal reports and external statements:  Opp. at 14-20;

- Insufficient allegations relating to stock sales:  *Id*. at 9-14; and

- Insufficient allegations relating to other *Helwig* factors:  *Id*. at 20-23.

Respectfully submitted,

/s/ *Steven A. Riley*
Steven A. Riley (TN #6258)
Milton S. McGee, III (TN #24150)
**RILEY & JACOBSON, PLC**
1906 West End. Ave.
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737
sriley@rjfirm.com
tmcgee@rjfirm.com

Peter E. Kazanoff (*admitted pro hac vice*)
Amy L. Dawson (*admitted pro hac vice*)
**SIMPSON THACHER & BARTLETT LLP**
425 Lexington Avenue
New York, New York 10017
Tel: 212.455.2000
pkazanoff@stblaw.com
amy.dawson@stblaw.com

*Counsel for Defendants Dollar General Corporation, Todd J. Vasos, Jeffrey C. Owen, John W. Garratt and Kelly M. Dilts*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 5, 2026, I authorized the electronic filing of a true and exact copy of the foregoing with the Clerk of the Court using the CM/ECF system, which sent notice of such filing to the parties' counsel of record.

*/s/ Steven A. Riley*